The issue presented to the court this morning is what is the appropriate standard to give the sentencing guidelines when determining a reasonable sentence that takes into account both the guidelines and section 3553 factors. It is respectfully submitted to this court that you should find that it is not appropriate to give a properly calculated guideline sentence a rebuttable presumption of reasonableness. Specifically, the Supreme Court precedent and section 3553 factors do not contain any language to the effect that a sentence that is properly calculated under the guidelines is entitled to a rebuttable presumption of reasonableness. To provide greater weight to the guidelines by establishing this higher burden that is a presumption of reasonableness fails to adequately take into account Congress' commands in section 3553 of the Sentencing Reform Act. Booker makes it clear that all the provisions of section 3553 and the guidelines are designed to guide district court sentencing and appellate court review of sentences. Booker did not create a presumption of reasonableness for the guidelines. Yet now throughout the country there are multiple circuits that have adopted this presumption in favor of the guidelines. If the presumption of reasonableness is accepted, it results in taking the guidelines more seriously than Booker's reference to the 3553 factors. Well, Booker's, and speaking now of Justice Breyer's opinion, did seem to underscore the necessity of doing the calculations and suggested that you're supposed to start with the guidelines. Did that have some meaning if the guidelines aren't believed to have some weight? And the weight is the key issue, Your Honor. There is, we would submit, a two-step analysis required in sentencing any individual. The first step is to determine a properly calculated guideline sentence. The second step is to take into account each of the 3553 factors. Consider them both equally, we would submit, not with a presumption in favor of the guidelines and not with a presumption in favor of the 3553 factors. But Justice Breyer's opinion in Booker, I believe that's what the court had in mind and that's what courts throughout the country have been doing, even those that have adopted the standard of a presumption of reasonableness in favor of the guidelines. Now, in the decisions earlier this month, this court reaffirmed in Cantrell that Booker mandates that the appellate court should review sentences for reasonableness and that applies to the ultimate sentence that is imposed. But the creation of a presumption doesn't affect that. Well, the creation of a presumption, though, certainly affects how much weight to give one or the other. And that's, I think, the significant issue that Your Honors must deal with. But isn't the premise of your argument that the 3553 factors are somehow at odds with the guidelines? I find that curious because I think that the 3553 factors are intertwined with the guidelines. To a certain degree they are, Your Honor, and to a certain degree they are not. Under the guidelines, I believe under Section 5H, et cetera, there are a number of prohibited factors that the courts are prohibited from considering and imposing a sentence. When we look at the 3553 factors, some of those considerations are no longer prohibited, but the court can consider background history and a multitude of other factors that the guidelines per se say don't even think about taking that into account. That is a clear error. And in that regard, they don't lie on an equal basis. Now, the two additional recent decisions, Manyweather and, in particular, Guerrero Velazquez, need to be dealt with. As for, in Manyweather, like Cantrell, the Ninth Circuit looked first to the guidelines, then to Booker, and gave broad deference to the district court's Booker determination. As for the footnote in Guerrero Velazquez, oddly, the court, and I respectfully submit oddly, indicated that, in just a concluding remark, we also note that on appellate review, a sentence suggested by the guidelines is presumptively reasonable. Now, where did that come from? The Cantrell decision clearly lays out the two-step guideline Booker analysis. However, Cantrell says nothing about presumptively reasonable guidelines. To the contrary, in Cantrell, this court stated that, quote, courts are bound to sentence within the applicable guideline ranges when sentencing because the guidelines are now advisory. Nowhere in Cantrell did the court indicate that there's a presumptiveness of reliability for a guideline sentence. But getting back to the footnote, the footnote in Guerrero Velazquez correctly states that the guidelines are, quote, an important aid for courts seeking an appropriate sentence and help to maintain uniformity in sentencing throughout the country. It follows that it is appropriate to consider whether the guidelines were correctly interpreted and applied, as in Cantrell. But then the decision opines without any authority, without any authority whatsoever, that on appellate review, a sentence suggested by the guidelines is presumptively reasonable. That sentence is wholly unnecessary for the holding in Guerrero Velazquez. And I would cite this Court to the Johnson decision, 256F3895, in 2001, that discusses what is and is not appropriate dicta. Mr. Trejo, in this case, I take it you do not dispute that the guideline calculations were proper, that the district court properly calculated the guideline sentence for the appellant. That's correct, Your Honor. That's correct. Our dispute is the comment that the Court made during the sentencing hearing that we immediately objected to, where the Court stated, quote, as I indicated, I think they're presumptively reasonable. And in that regard, we respectfully submit that in giving that presumption of reasonableness to the guidelines, the Court failed to take into adequate account the multitude of 3553 factors that we had asked the Court to give a more lenient and reasonable sentence on. Was there any indication that the district court did not consider the other factors that you offered? I don't believe there's an indication one way or the other, Your Honor. But I believe Mr. Gibson was significantly prejudiced by the presumption of reasonableness to the Court's guideline calculation. Counsel, did you want to save some time for rebuttal? Sure. Just in case, Your Honor. Thank you very much. You're welcome. Counsel, before you begin, let me just note that we have granted your motion to file written authorities on the jurisdictional argument. We will give opposing counsel 10 days to respond and the government five days after that to respond, and we will consider the jurisdictional argument. Thank you, Your Honor. May it please the Court. I am Jeff Singolson, counsel for the United States in this matter. I believe, based on the orders entered by this Court asking the parties to be prepared to address the presumption of reasonableness adopted by the Seventh Circuit, United States v. McKedy, and the decision below, that there are essentially two issues presented here in addition to the jurisdictional issue. One is whether or not a presumption of reasonableness as to a correctly calculated guidelines range sentence is appropriate. The other issue, and I would submit, Your Honors, is a slightly distinct issue, is whether a district court in the exercise of its discretion may determine that the guidelines should be given a substantial weight. In other words, whether the defendant is correct that 3553A or Booker mandates that all the factors in 3553A must in fact have exactly equivalent weight. The two issues are clearly related, but there is a slight distinction. With regard to the presumption of reasonableness, Your Honor, I believe that presumption as adopted by the courts of appeals reflects at base an understanding or a recognition that in light of the role that they play, and particularly in light of the consideration of factors that went into the formulation of the guidelines, that guideline sentences will, in the overwhelming majority of cases, be within the range of those sentences which are reasonable in light of the 3553A factors. That result, Your Honor, I believe flows from the fact that the guidelines were not created separate and apart from the 3553A framework. Quite to the contrary, the 3553A framework and the direction of Congress to the sentencing commission to formulate the guidelines were part of the same statute. And moreover, Congress specifically directed the sentencing commission in formulating the appropriate ranges of sentences under the guidelines to make sure those sentences accomplished the sentencing purposes set out in 3553A2. Examples of those directions to the sentencing commission are set forth in 28 U.S.C. 991b1a as well as 994f and m. The defendant contends that the guidelines, however, fail to account for or take into consideration the factors in 3553A1, namely the nature and circumstances of the offense and the history and characteristics of the defendant. It ought to be the second part, isn't it? Because the collision that's been identified is the collision between the policy statements that say you don't consider age, you don't consider employment And the portion of the statute, 3553A, which really rolls off the tongue, which makes reference to the history and characteristics of the defendant. Is there tension between those two? We submit, Your Honor, there is not. And the reason there isn't is because Congress specifically directed the sentencing commission in formulating the guidelines to address a whole range of the factors, characteristics and history of the defendant in determining what guideline ranges would be appropriate to accomplish the purposes and goals of sentencing. Well, history, in the sense of criminal history, surely gets picked up. Characteristics, I'm not so sure about. Well, Your Honor, I would direct your attention to 28 U.S.C. 994, I believe a particular E. Let me make sure I have got that site correct, because there are a number of provisions. I'm sorry, Your Honor. I mean both subsection D and E of section 994. Congress in there specifically directed the commission to consider whether and to what extent characteristics such as age, education, vocational skills, family ties and responsibilities, previous employment record, et cetera, would be appropriate to take into consideration, and if so, what weight they should have in determining what would be the range of sentence that would satisfy the sentencing goals. Defendant – the types of guideline provisions that you're talking about, in fact, reflect not just the commission's evaluation of that fact, but Congress's specific direction that, for instance, race, ethnicity, socioeconomic level, et cetera, not be calculated in because they don't reflect the purpose of sentencing, and in addition that things like family ties and responsibilities should normally not be reflected to accomplish the goals and purposes of sentencing. So we would submit, Your Honor. What characteristics are covered, then? By the – by the – by the Sentencing Commission? 3553 says the – is separate and apart. And this is the one that the judge has to start with in terms of the factors to consider. And Congress is telling the Court, consider, among other things, characteristics of the defendant. And the sentencing guidelines, particularly the policy statements, seem to go to some lengths to say we're going to take all those things out. Motivated, I can understand on one level by concern that it's led to disparate sentencing on factors that are relevant, and yet they are characteristics of the defendant, which 3553 says you are supposed to consider. And the concern here expressed by the defendant is that if you give presumptive weight to the guidelines, there is some suggestion that other parts – I mean, you begin your argument with what I think is a valid observation. For the most part, the guidelines intend to incorporate the 3553 factors. The one place I'm not sure that's true is characteristics of the defendant. Well, Your Honor, if I may, I think where the guidelines say that you're not to give them weight, that is a determination as to the appropriate weight to give them. It's not taking them out. It is itself a reasoned determination by the Sentencing Commission about what weight they should have under 3553A. So in that sense, the Court is presumably free to – I should take the word presumably out of the context – is free to disregard the policy statement if the Court decides, well, the guidelines are built on that, they may be presumptively reasonable, but in this case, the employment history of the defendant, to me, is a reasonable determination. And the fact that the guidelines are given presumptively reasonable status in the scheme that you're talking about doesn't conflict with 3553A's direction to consider characteristics equally. Correct, Your Honor.   I think there's factors of 3553 themselves. I mean, on the one hand, the district court is told to look to policy statements of the Sentencing Commission, which frown on some of the characteristics that Judge Clifton was talking about. On the other hand, there's this open-ended admonition to look at history and characteristics of the defendant without limitation. It seems to me the tension might be between the factors under 3553. I think there – I think to the extent that it suggests that everything will always be accounted for in the same way by looking at 3553A, that 3553A will always point to a definitive sort of result, then yes, I agree with Your Honor, that's correct. And I would just say the district court here correctly did that. It noted that there's appropriate to have a presumption of reasonableness that a guideline sentence is within the range of sentences that will be reasonable, and for the reasons Your Honor articulated, that range may – will usually be broader than simply the guideline range, and then went on to examine the 3553A factors and the particular issues raised by the defendant in this case, and analyzed those and determined that the appropriate sentence here was the bottom of the guideline range, given all the factors and circumstances. Can I ask you a quick question about the jurisdictional argument? Yes, Your Honor. I know that we've preserved that. I'm going to allow Mr. Trejo to file a brief in response, but you didn't cite Cantrell, and it appears to me that the argument you make on jurisdiction is inconsistent with what Judge Gould set forth as the process for review of reasonableness in the Ninth Circuit in the recent Cantrell decision. I apologize, Your Honor. I'm not sure the exact reference you mean. If you're – by that, you mean that opinions of this Court reflect that the Court will review within guideline range sentences for reasonableness? Yes. Actually, what Judge Gould said is that you turn first to the guidelines, determine whether they were properly calculated, then you turn to the question of overall reasonableness. It seems to me your jurisdictional argument would have a stop after the first scrutiny of the guidelines, and if there's no error, you contend there's no jurisdiction. That is correct, Your Honor. And, in fact, I would go sort of to make your point one further, but I will come back to why I think it's not determinative. In Plouffe, although I'm sure I'm pronouncing that incorrectly, this Court, in fact, reviewed a within guideline range properly calculated sentence for reasonableness. The point, however, in the case law is quite clear that in both of those cases, the jurisdictional issue was not presented. It was not argued by the parties, and the Court did not purport to directly examine the question of jurisdiction. And so Moriarty and a number of other cases make clear that, therefore, that is not binding jurisprudence. It's not binding on the Court's evaluation. In fact, the Court has an obligation to evaluate jurisdiction. Thank you, Your Honor. Thank you. Rebuttal. Your Honor, the guidelines and the 3553 factors are certainly part of the same statute, but they are certainly separate and distinct considerations. The 3553 considerations, the race, ethnicity, socioeconomic status, in particular to Mr. Gibson's situation, the family ties and responsibilities given the fact that he had, for the first time in his life at 42 years of age, became a father, are factors that are the Court is dissuaded from considering under the guidelines, yet factors that Booker now says district courts have an obligation to consider. Not only and not in the case. Isn't there an indication here the district court did, in fact, consider? I mean, he commented specifically having a wife and young child, that's nothing unusual for the drug offenders he sees in front of him. So he wasn't unaware of it. He's basically saying that doesn't really change anything. And it all boils down to whether or not the district court was correct in giving a presumption to the guideline factors over these particular 3553 factors. If, in fact, the district court committed error in giving the presumption, then certainly the 3553 factors deserve more weight. That doesn't seem to me to be clear from the record. I mean, it seems to me that in his sentencing comments the judge was drawing on his experience in sentencing similarly situated defendants. And, in fact, the comments speak of a comparison between other defendants that he sentenced and said this isn't unusual. He didn't say I can't consider this because of the guidelines. He said I just don't find this to be out of the ordinary. And I don't believe 3553 requires it to be out of the ordinary factors, but rather factors that the court should consider in determining a reasonable and appropriate sentence to deter and protect. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Rawlinson, Clifton, Burns